*13 At this term, the following opinion of the Court was delivered by
* Parsons, C. J.
It appears from the case stated that [ * 15 J Thomas Quinby died intestate, seised in fee simple of one undivided third part of the premises, before the passing of the statute of 1783, c. 36. His estate therefore descended agreeably to the provisions of the provincial statutes then in force. He died intestate, unmarried, and of age, and he left a mother, his brother Levi, another brother, three sisters, and three nephews (one of which is Frederick, the bankrupt), the children of a deceased brother.
The provincial statute of 9 Anne, c. 2, enacts, that if, after the death of a father, any of his children shall die intestate without wife or children, in the lifetime of the mother, every brother and sister, and the representatives of them, shall have an equal share with her in the estate of the intestate. And it has been settled that this statute extends only to cases where, before the statute, the mother was entitled to the whole, as next of kin. By virtue of this statute, the estate of Thomas, the intestate, is to be divided into seven shares ; one seventh descending to his brother Levi, and one seventh to his three nephews, of which Frederick is entitled to one third. Frederick, then, upon his uncle Thomas’s death, became seised, as heir of his uncle Thomas, of one third of one seventh of one third, equal to one sixty-third part of the whole estate. Levi, on his brother’s death, took one undivided seventh part, which, added to his one third part of the whole as devisee under his father’s will, is equal to eight undivided one-and-twentieth parts of the whole of which he died seised in fee simple. He died after the statute of 1783,-c. 36, was made, and so far as that statute is repugnant to the provisions of the former provincial statutes, so far must it regulate the descent of Levi’s estate.
He died intestate, of age, and without wife or issue, leaving a mother, a brother, three sisters, and the three nephews aforesaid. By a prior clause of this statute it is provided, that when an intestate dies without children, the inheritance shall descend equally to the next of kin in equal degree, and those who represent them, computing the degrees by the rules of the civil law. This clause, being repugnant to *the statute of Anne, is a re- [ * 16 ] peal of it; and his mother, as next of kin, will take his whole estate, unless the effect of this clause be controlled by some other part of the statute containing it.
In the latter part of the first section it is provided, that when any of the children of an intestate die before his arrival to the age of twenty-one years unmarried, such deceased child’s share of the intestate’s estate shall descend equally among the surviving brothers *14 and sisters, and their representatives; but if such deceased child die after having arrived to the age of twenty-one years unmarried and intestate in the lifetime of the mother, every brother and sister shall inherit equally with the mother. The latter part of this provision, it has been urged, applies to the descent of Levi’s estate, for he died after twenty-one, unmarried and intestate, and in the lifetime of his mother. On the other side, this application has been denied, because the words “ such deceased child ” are confined to the child of an intestate, and it appears that Levi’s father died testate.
This point came before the Supreme Judicial Court some years since, and was deliberately settled. It appearing that the brothers and sisters were allowed to share with the mother, not only the deceased child’s share of the intestate’s estate, but all his'estate, however acquired, no reason could be assigned for confining the provision to the case of the father’s dying intestate. Considering therefore the whole statute in connection with former statutes made in pari materia, it was holden by all the justices that by the words “such deceased child” were intended the deceased child of any deceased father. This determination we are not disposed to disturb. Although it may not be consistent with the strict letter of the statute, yet the deviation is not greater than is frequently necessary in order to collect the true intent of legislators. The mother of Levi, therefore, although the next of kin, cannot claim the whole of his estate.
If this question were to be decided by the statute of Anne, his brothers and sisters, and their representatives, would be entitled to share his estate with the mother. By the prior clause of [ * 17 ] the statute of 1783, c. 36, the mother, as the next *of kin, would have a right to the whole estate; and so far as others are, by this statute, let in to share with her, so far her right is affected, and no farther. But only brothers and sisters of the intestate are admitted to a share. The representatives of brothers and sisters are not admitted. In this case, the nephews, who can claim only as representatives, are consequently excluded. The conclusion is, that Frederick, the bankrupt, is not an heir to his uncle Levi; and he is seised in fee simple of one undivided sixty-third part as heir to his uncle Thomas, and of no more.